

875 Third Avenue
8th Floor
New York, NY 10022
T: 212-808-0700
F: 212-808-0844

*Direct Dial: 917-369-8890*
*Email: rsinha@norris-law.com*

May 3, 2019

*Via ECF*

Hon. Alison J. Nathan, USDJ
United States District Court, SDNY
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, New York 10007

              **Re:**    **Mario Cesar Vargas Ortiz, et. al. v. Three Star on First, Inc. (d/b/a 3 Star Diner), et. al.**
                      **Docket No.: 1:19-cv-00928 (AJN)**
                      <u>**Motion for Settlement Approval**</u>

Dear Judge Nathan:

      This firm represents the Defendants, Three Star on First, Inc., d/b/a Three Star Diner, Ioannis Kiriakakis (a/k/a John), Georgia I. Kiriakakis and Jimmy Kiriakakis. Per Your Honor's Order dated April 5, 2019 (Doc No. 24), we respectfully write on behalf of both parties to seek approval of the settlement in this action.

      Per Your Honor's Individual Practice Rule 5 (A), we hereby submit as an attachment to this joint letter (Exhibit 1), the parties' proposed settlement agreement and provide the following explanation as to why the settlement should be approved as fair and reasonable.

**i.**        **Discussion of the Considerations Detailed in Wolinsky:**

In <u>Wolinsky v. Scholastic, Inc.</u>, 900 F.Supp.2d 232 (S.D.N.Y 2012), Judge Furman of this court articulated the following factors to be considered in determining whether a proposed settlement of claims under the Fair Labor Standards Act is fair and reasonable:

> (1) the plaintiff's range of possible recovery, (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length



      bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

900 F.Supp.2d 232 (SDNY 2012) (Furman, J.) (citations omitted.) It is respectfully submitted that consideration of such factors indicates that the proposed settlement is fair and reasonable.

### 1. Range of Possible Recovery:

**(a) The following is set forth by Plaintiff's counsel:**

Plaintiff's claims allow for the following damages: (i) unpaid minimum wage under the FLSA and New York Labor Law (herein NYLL); (ii) liquidated damages; and (iii) attorneys' fees and costs. The Settling Parties have agreed to resolve this action for the total sum of $5,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff alleges that he is entitled to back wages of approximately $1,892.00. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $14,253.37, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).

**(b) The following is set forth by Defense Counsel: Under Defendants' Best-Case Scenario:**

Contrary to Plaintiff's allegations that he was employed by Defendants from January through June 2018, the payroll records that were disclosed in this case show that Plaintiff was employed for a total of 9 weeks, that is, between late March 2018 through May 27, 2018. Plaintiff received a cash wage of $10.85 per hour and hourly tips that were equal to or above $4.19 per hour. Plaintiff therefore received at least $15.04 per hour or $2.04 per hour above the required minimum wage of $13.00 per hour. See below:

Hon. Alison J. Nathan, USDJ
May 3, 2019
Page 3

|  | Year | Combined Cash Wage + Tip Min Wage Rate | Max Tip Credit | Min. Cash Wage |
|---|---|---|---|---|
| FLSA | 2018 | $7.25 | $5.12 | $2.13 |
| New York | 2018 | $13.00 | $4.35 | $8.65 |

| Week Ending | Regular Hours Worked | Wages | Tips | Meals | Rate of Pay w/o Tips | Tips Per Hour | Wage per/hour with Tips | Gross Salary Paid | Max Claim |
|---|---|---|---|---|---|---|---|---|---|
| 04/01/2018 | 37.00 | 401.45 | 155.00 | 18.00 | 10.85 | $4.19 | $15.04 | 574.45 | $79.55 |
| 04/08/2018 | 36.00 | 390.60 | 172.00 | 18.00 | 10.85 | $4.78 | $15.63 | 580.60 | $77.40 |
| 04/15/2018 | 40.00 | 434.00 | 190.00 | 18.00 | 10.85 | $4.75 | $15.60 | 642.00 | $86.00 |
| 04/22/2018 | 40.00 | 434.00 | 210.00 | 18.00 | 10.85 | $5.25 | $16.10 | 662.00 | $86.00 |
| 04/29/2018 | 40.00 | 434.00 | 195.00 | 18.00 | 10.85 | $4.88 | $15.73 | 647.00 | $86.00 |
| 05/06/2010 | 39.00 | 423.15 | 165.00 | 18.00 | 10.85 | $4.23 | $15.08 | 606.15 | $83.85 |
| 05/13/2018 | 39.00 | 423.15 | 183.00 | 18.00 | 10.85 | $4.69 | $15.54 | 624.15 | $83.85 |
| 05/20/2018 | 40.00 | 434.00 | 174.00 | 18.00 | 10.85 | $4.35 | $15.20 | 626.00 | $86.00 |
| 05/27/2018 | 40.00 | 434.00 | 185.00 | 18.00 | 10.85 | $4.63 | $15.48 | 637.00 | $86.00 |
| **TOTALS** | | | | | | | | | |
|  | $ 351.00 | $ 3,808.35 | $ 1,629.00 | $ 162.00 | $10.85 | | | $ 5,599.35 | $ 754.65 |

Based on the above, Defendants take the following position:

1)    This case would be dismissed, as against Georgia I. Kiriakakis and Jimmy Kiriakakis, and zero recovery would be obtained, because these defendants did not hold any management or supervisory roles at Three Star Diner and thus could not possibly have been a joint employer of the Plaintiff;

2)    This case would be dismissed, as against all of the Defendants, on both State and FLSA claims, and zero recovery will be obtained, as the Plaintiff was a tipped worker who received tips and more than the requisite cash wash under the applicable minimum wage order which resulted in payment greater than the applicable minimum wage per hour.  Hence, plaintiff is not entitled to any additional recoveries under the FLSA or NYLL;

3)    This case would be dismissed, as against all of the Defendants, as to any claims under New York law, regarding posting requirements, because the Defendants have informed Defense Counsel that they have always followed such rules;

4)    This case would be dismissed, as against all of the Defendants, on the claim for reimbursement for tools of the trade as Defendants categorically deny that plaintiff was required to purchase such items in order to perform his job.

5)    Defendants believe that the settlement amount of $ 5,000.00, for alleged unpaid compensation and liquidated damages, is exceedingly fair and reasonable to Plaintiff. Plaintiff, by

Hon. Alison J. Nathan, USDJ
May 3, 2019
Page 4

his own calculations, is receiving 99. 2% of the amount he claims that he is owed in alleged unpaid compensation and liquidated damages, under FLSA and the NYLL; and payroll records clearly demonstrate that Plaintiff unequivocally received payment above the minimum wage for all hours worked.

### 2. **Avoidance of Burdens and Expenses:**

The proposed settlement will allow the parties to substantially avoid the respective burdens and expenses associated in the prosecution and defense of this action. The proposed settlement is presented to the Court prior to the commencement of discovery and if approved would allow the parties to avoid the burden and expenses naturally entailed in the litigation.

The proposed settlement would allow Plaintiff to avoid the burdens of preparing discovery requests, undergoing his deposition, participating in other discovery activities and testifying at trial. Defendants would be saved not only the burden of participating in such activities, but also the significant attorneys' fees and costs of defending this matter.

### 3. **Litigation Risk:**

Both parties face serious litigation risks that would be avoided by the proposed settlement. By accepting the proposed settlement, Plaintiff avoids the risk that he might not prevail on the merits or that his claims be dismissed prior to a merits determination. Plaintiff also avoids the potential for a verdict that fails to award him unpaid minimum wages in less than the proposed settlement amount or denies him liquidated damages.

Although there appears to be little risk of a jury award of unpaid minimum wages significantly exceeding the settlement amount comprising such damages, Defendants face a substantial risk that prolonged litigation of this matter would result in significantly higher assessment of fees and costs. In addition, Defendants face the possibility of additional liability under New York State and FLSA, including NYLL wage statement violations.[1]

### 4 - 5. **Arm's Length Transaction and Fraud or Collusion:**

The proposed settlement is the product of arm's length negotiation. Both counsel are experienced in the litigation of wage and hour matters. Neither counsel nor their respective firms have any prior association or any professional or personal relationship that would call into question the integrity of the proposed settlement. Undersigned counsel both affirm that the proposed settlement is not the product of any collusion between them and is the product of an arm's length negotiation on behalf of their respective clients.

---

[1] Plaintiff is withdrawing in all regards his effort to secure recovery on the class/collective components of the Complaint.

Hon. Alison J. Nathan, USDJ
May 3, 2019
Page 5

### ii. Description of Method Used to Calculate the Settlement Amounts:

Plaintiff's counsel provided Defendants' counsel with Plaintiff's calculation of alleged minimum wage and liquidated damages (shown above), in the amount of $ 4,218.75. Defendants have agreed to pay more than 100 % of this amount, which is inclusive of attorneys' fees.

### iii. List of Hours Worked and at What Wages:

The description of hours worked and at what wages is stated above.

### iv. Requested Attorneys' Fees and Costs:

Under the settlement, Plaintiff's counsel will receive 1/3 of the settlement amount, which is approximately the amount of their lodestar including fees and costs. The amount provided to the Plaintiffs' counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Accordingly, the parties submit that the proposed settlement is fair and reasonable and respectfully request that the Court approve it.

Respectfully submitted:


/s Paul B. Hershan
Paul B. Hershan, (PH5140561)
**Michael Faillace & Associates**
60 E 42nd Street, Ste 4510
New York, New York 10165-0006
Telephone: (212) 317-1200
Attorney for Plaintiff

/s Rashmee Sinha
Rashmee Sinha
**Norris McLaughlin, P.A**
875 Third Avenue, 8th Floor
New York, New York 10022
Telephone: (917) 369-8890
Attorney for Defendants