UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO CESAR VARGAS ORTIZ,
individually and on behalf of others
similarly situated,

Plaintiff,

- against -

THREE STAR ON FIRST, INC. (d/b/a 3
STAR DINER), IOANNIS KIRIAKAKIS
(a/k/a JOHN), GEORGIA I. KIRIAKAKIS
and JIMMY KIRIKAKIS,

Defendants.

Docket No. 19-cv-00928 (AJN)

ECF Case – Filed Electronically

[PROPOSED] SETTLEMENT
AGREEMENT

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

**WHEREAS,** Plaintiff Mario Cesar Vargas Ortiz ("Plaintiff") in the above-captioned collective action filed suit against Defendants Three Star on First, Inc. d/b/a 3 Star Diner ("Three Star"), Ioannis Kiriakakis ("Ioannis"), Georgia I. Kiriakakis ("Georgia") and Jimmy Kiriakakis ("Jimmy" and, along with Three Star, Ioannis and Georgia, collectively, "Defendants"), on behalf of himself and all others similarly situated, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") as well as the New York Labor Law ("NYLL") with respect to the payment of Plaintiff's wages, including other wage regulations (the "Action");

**WHEREAS,** Defendants have denied the allegations made by Plaintiff in their entirety;

**WHEREAS,** Plaintiff, and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff have against Defendants in the Action, or may have against Defendants, arising under the FLSA and any other statute or ordinance governing the payment of wages by way of this Settlement and Mutual Release Agreement ("Agreement");

1

WHEREAS, the Parties' counsel of record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the bona fide dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. **Consideration.**

In consideration for the promises made by Plaintiff set forth in this Agreement, and as further set forth in subparagraph (a) below, Plaintiff shall be paid the total sum of Five Thousand Dollars ($5,000.00) (the "Settlement Amount"), in the manner and as allocated below and in **Exhibit 1** hereto, which sum represents alleged back wages and liquidated damages. As to the portion of the Settlement Amount that represents payment for back wages, Three Star will issue the appropriate IRS Forms to each of Plaintiff based upon the last IRS Form W-4 that Plaintiff has on file with Three Star. Plaintiff will issue IRS Form W-9 for that portion of the Settlement Amount to be paid to him as liquidated damages, as identified on **Exhibit 1** hereto, which sum will be paid to them without any taxes, withholdings or deductions withheld and subject to Plaintiff's agreement to indemnify Three Star as per Paragraph 1(c) of this Agreement. The sum of $5,000 shall be paid with 1/3 to Michael Faillace & Associates, P.C. (the "Faillace Firm") for attorneys' fees and costs associated with the firm's representation of Plaintiff in this matter and the remaining 2/3 to Plaintiff.

(a)     Provided that Plaintiff executes this Agreement; (2) Defendants' counsel receives: (i) this Agreement, fully executed and signed by Plaintiff before a notary; (ii) an IRS W-9 form executed by the Faillace Firm for the portion of the Settlement Amount being paid to counsel; and

(iii) the Stipulation of Dismissal, in the form attached as **Exhibit 2**, executed by the Faillace Firm; and (3) the Court approves this settlement and endorses the Stipulation of Dismissal, the Settlement Amount shall be paid and delivered to the Faillace Firm's office, located at 60 East 42nd Street, Suite 4510 New York, New York 10165 within thirty (30) days of the Court's approval of this Agreement and entry of an Order of dismissal of the Action with prejudice. The Settlement Amount will be paid in the form of checks written as described above.

(b)     Three Star may issue an IRS Form 1099 to the Faillace Firm reflecting the amounts paid for attorneys' fees and costs at the appropriate time. The foregoing IRS 1099 Form(s) shall designate in box 14 that any and all amounts paid are "Gross proceeds paid to an attorney."

(c)     Plaintiff agrees to hold Defendants and their insurers harmless, and indemnify Defendants and their insurers from any payments Defendants and their insurers may be required to make to any taxing authority resulting from the payment of the Settlement Amount, the issuance of a Form 1099, or as a result of Plaintiff's failure to pay any taxes related to said income.

2.     **Mutual Releases.**

(a)     In consideration of the Settlement Amount, Plaintiff and his heirs, executors, administrators, trustees, legal representatives, successors and assigns (collectively, the "Plaintiff Releasors"), hereby release and forever discharge Defendants as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be "employers," both individually and in their official capacities, as well as Defendants' parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business

3

partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as the "Defendant Releasees"), from any and all claims asserted in the Action as well as any and all complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of retaliation, unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, late payment, interest, liquidated damages, attorneys' fees and costs, and/or statutory penalties), or civil penalties purportedly owed to Plaintiff under the NYLL, FLSA or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against the Defendant Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

(b)    Defendants and their parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, and their as well as their current and former owners, managers, directors, officers, shareholders, accountants, heirs, executors, administrators, assigns and agents, forever release and discharge Plaintiff from any and all actions, causes of action, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions and demands of any kind whatsoever, whether known or unknown, from the beginning of time up to and including the execution date of this Agreement. Defendants acknowledge and agree that they intend that the disputes released and forever discharged herein be construed as broadly as possible to cover any and all disputes Defendants have or may have against Plaintiff.

4

(c)    The Mutual Releases given herein shall become fully effective and binding execution upon full execution of this Agreement, and upon the Court's approval of this settlement and endorsement of the Stipulation of Dismissal.

3.    **No Other Actions.**

Plaintiff promises and represent that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and the Defendant Releasees, both individually and in their/its official capacities, that concern violations or allegations of retaliation or unpaid compensation (including minimum wage, late payment, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA or any other law, regulation, or ordinance regulating the payment of wages.  In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Should Plaintiff file a charge against Defendants, asserting any claim released herein, with any agency, or cooperate with an investigation with any agency, Plaintiff acknowledges that this Agreement shall bar them from receiving monetary compensation in connection therewith.

4.    **Sufficient Consideration.**

Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement from Defendants.  Plaintiff expressly acknowledges that the release provisions herein

shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

Plaintiff further acknowledges that, upon payment by Defendants of all the sums payable under this Agreement, they have been paid in full for all time worked and are owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, "off the clock" work, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

5.    **Future Employment.**

Although nothing prohibits Plaintiff from seeking future employment with Defendants, Plaintiff understands and agrees that Defendants' decision not to extend any future offer of employment to Plaintiff shall not constitute unlawful retaliation in violation of the FLSA or any other statute or any other law, regulation, or ordinance regulating the payment of wages and prohibiting retaliation in response to complaints regarding same, for having participated in the Action.

6.    **No Admission of Liability.**

Plaintiff acknowledges that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Defendants that Plaintiff's claims have merit. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendants or the Defendant Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators,

benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Defendants or the Defendant Releasees for any purpose, unless required by law. Provided, however, that this paragraph shall not limit, obstruct or otherwise impede Plaintiff from enforcing this Agreement.

7. **No Interpretation Against Draftsman.**

This Agreement shall not be interpreted in favor of or against either party on account of such Party's counsel having drafted this Agreement.

8. **Plaintiff's Standing.**

Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims that could be asserted, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by them or on their behalf.

9. **Competency to Settle.**

Plaintiff and Defendants are competent to enter into this Agreement. Plaintiff and Defendants are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff and Defendants are not a party (or parties) to any bankruptcy, lien, creditor-debtor or other proceeding which would impair their right to settle all claims, and to release any claims to the extent any such release is given herein, both known and unknown, pursuant to this Agreement and/or to fulfill their obligations hereunder.

All parties confirm that they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants and/or Plaintiff to execute this Agreement.

10.    **Entire Understanding.**

This Agreement constitutes the entire agreement between the Parties with respect to the settlement of the Action and the mutual release of the claims contained herein.

11.    **Other Claims.**

It is expressly understood and agreed, and Plaintiff further covenants and agrees that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

In this regard, Plaintiff agrees to indemnify and hold harmless Defendants, their insurance carriers, their attorneys and all others in privity with them, from any claim by, through and/or under Plaintiff including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to any alleged injuries resulting from the claims asserted in the Action, or as a result of any claim released herein. Provided, however, that Plaintiff shall not under any circumstance be obligated to indemnify and/or hold harmless Defendants for any sum above and beyond the amount that he is individually receiving pursuant to this Agreement.

Plaintiff covenants that he does not presently anticipate that he will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from any claim asserted in the Action.

8

**12.    <u>Additional Documents.</u>**

The Parties agree that they shall execute, or cause their counsel to execute, any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as **Exhibit 2**.

**13.    <u>Miscellaneous.</u>**

(d)    The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

(e)    This Agreement may only be modified, altered or changed in writing, signed by the Parties and approved by the Court.

(f)    This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The United States District Court for the Southern District of New York shall retain jurisdiction to enforce this Agreement.

(g)    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Rashmee Sinha, Esq., Norris McLaughlin, P.A., 875 Third Avenue, New York, New York 10022; (917) 369-8890; rsinha@norris-law.com, and counsel for Plaintiff, Michael Faillace, Esq. Michael Faillace &

Associates, 60 East 42nd Street, Ste 4510, New York, New York 10165-0006; (212) 317-1200;

phershan@faillacelaw.com.

    (a)    Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same. Plaintiff further represents that he has been provided the opportunity to review this Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily.

**IN WITNESS WHEREOF,** Plaintiff and Defendants have duly executed this Settlement Agreement and Mutual Release freely and voluntarily.

<u>**Signature Page to Follow**</u>

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement Agreement and Mutual Release freely and voluntarily.

**MARIO CESAR VARGAS ORTIZ**

Signature: _____

Dated: 5/2/2019

**IOANNIS KIRIAKAKIS**

Signature: _____

Dated: _____

**GEORGIA I. KIRIAKAKIS**

Signature: _____

Dated: _____

**JIMMY KIRIAKAKIS**

Signature: _____

Dated: _____

**THREE STAR ON FIRST, INC.**

By: _____

Title: _____

Signature: _____

Dated: _____

IN WITNESS WHEREOF, the Parties have duly executed this Settlement Agreement and Mutual Release freely and voluntarily.

**MARIO CESAR VARGAS ORTIZ**

Signature: _____

Dated: _____

**IOANNIS KIRIAKAKIS**

Signature: _____

Dated: _____

**GEORGIA I. KIRIAKAKIS**

Signature: _____

Dated: 8 - 16 - 2019

**JIMMY KIRIAKAKIS**

Signature: _____

Dated: August 16 2019

**THREE STAR ON FIRST, INC.**

By: Ioannis Kiriakakis

Title: President

Signature: _____

Dated: 8/16/2019

11