**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
MARIO CESAR VARGAS ORTIZ, :
:
                    Plaintiff, :    No. 19-CV-928 (OTW)
:
       -against- :    **OPINION & ORDER**
:
THREE STAR ON FIRST, INC., et al., :
:
                 Defendants. :
:
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Mario Cesar Vargas Ortiz ("Plaintiff") brings this putative collective action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid minimum wage, failure to provide notices and statements required by the NYLL, and recovery of equipment costs. (ECF 1). The parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 26). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 25). For the reasons below, the Court approves the settlement as fair and reasonable.

**I. Background**

From approximately January to June 2018, Plaintiff worked as a delivery worker at a diner owned by Defendants Three Star on First, Inc., Ioannis Kiriakakis, Georgia I. Kiriakakis, and Jimmy Kiriakakis (collectively "Defendants"). Complaint ("Compl.") (ECF 1) ¶¶ 1-4, 19. In addition to work as a delivery worker, Plaintiff also helped at the diner with non-tipped work such as dishwashing, food preparation, and cleaning. Compl. ¶ 5. Although Plaintiff worked in

the non-tipped duties referenced above for more than twenty percent of the workday, Defendants allegedly incorrectly classified Plaintiff as a tipped employee. Compl. ¶¶ 8, 10. As a result, Defendants paid Plaintiff a tip-credited wage as opposed to the standard minimum wage. Compl. ¶ 9.

Plaintiff filed suit against Defendants on January 30, 2019. (ECF 1). On April 4, 2019, the parties notified the Court that a settlement had been reached. (ECF 22). Although the complaint indicated that Plaintiff intended to convert the matter to a collective action, the parties reached their settlement before the filing of any conditional certification motion. The parties filed a joint letter request for settlement approval on May 3, 2019. (ECF 26). The Court subsequently ordered the parties to re-submit their proposed settlement agreement because the filed agreement was unexecuted. (ECF 27). The parties jointly re-submitted an executed version of the proposed settlement agreement on August 16, 2019. (ECF 28).

## II.  Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. The Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

### a. Recovery Amount and Litigation Risks

Pursuant to the settlement agreement, Defendants will pay $5,000, with one-third of that amount, $1,666.67, paid to Plaintiff's counsel, and two-thirds, $3,333.33, paid to Plaintiff. (ECF 26-1 at 2). Plaintiff calculated a potential recovery, assuming the case went to trial, of $14,253.37 in total damages, which includes an estimated $1,892 in back wages. (ECF 26 at 2). The $3,333 allocated to Plaintiff thus represents 23.4% of Plaintiff's best-case recovery.[1]

Although on the lower end of percentages accepted by courts in this District, this percentage is reasonable after considering potential challenges that may confront Plaintiff if he went to trial. *See, e.g., Gervacio v. ARJ Laundry Services Inc.*, No. 17-CV-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving 20% of maximum recovery where defendants had contrary documentation); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016) (considering the "legal and evidentiary challenges that would face the plaintiff[]" when evaluating the settlement amount). Here, Defendants provided data from their payroll records showing that Plaintiff did not work for them as long as alleged, and even assuming that tips

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g., Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

were not credited to Plaintiff's wage, Plaintiff's total backpay would be $754.65, less than half of Plaintiff's alleged backpay. (ECF 26 at 2-3). Additionally, Defendants assert that they would be able to testify that they complied with notice requirements. *Id*. at 3. Settlement thus enables Plaintiff to avoid the risk of the factfinder crediting Defendants' records and testimony, which may greatly diminish Plaintiff's potential recovery. Furthermore, settlement avoids the discovery and depositions that would be required to investigate the claims about Plaintiff's non-tipped work, Plaintiff's length of employment, and whether Defendants issued the proper notices and statements.

### b. Arm's-Length Negotiation

The parties represent that the settlement was a product of arm's-length negotiations, and there is no evidence to the contrary. (ECF 26 at 4).

### c. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff no longer worked for Defendants at the start of this litigation, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer. *See* Compl. ¶ 19.

### d. Additional Factors

The attorneys' fee award of one-third of the settlement sum, *i.e.*, $1,666.67, is reasonable and consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread &*

*Co.*, 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.").

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding an "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose). The settlement agreement's release provision is also appropriately limited to wage-related claims brought under labor laws. *See* ECF 28 at 5; *see also Cheeks*, 796 F.3d at 206 (prohibiting releases "that have no relationship whatsoever to wage-and-hour issues").

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

It is HEREBY ORDERED that the action is dismissed with prejudice and without costs. The Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

*s/ Ona T. Wang*
Dated: August 26, 2019        **Ona T. Wang**
New York, New York             United States Magistrate Judge